962 F.2d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fernando A. JACKSON, Plaintiff-Appellant,
v.
James ROWLAND, et al., Defendant-Appellee.
 No. 90-16405.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 8, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fernando Jackson, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging he was denied due process in a prison disciplinary hearing. The district court found that because Jackson's claims had been or could have been adjudicated in a prior action involving the same parties, his action was barred by the doctrine of res judicata. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's determination that an action is barred by the doctrine of res judicata. Robi v. Five Platters Inc., 838 F.2d 318, 321 (9th Cir.1988).
 
 
 4
 The doctrine of res judicata encompasses the doctrines of issue preclusion and claim preclusion. Id. "Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action." Id. (quotation omitted). Claim preclusion bars relitigation of all claims that were previously available to the parties, whether or not the claims were actually asserted and adjudicated in the prior action. Id. at 322.
 
 
 5
 Here, Jackson claims that he was defamed and deprived of his civil rights because there was insufficient evidence to support the prison disciplinary board's ("board") finding that Jackson was guilty of trafficking narcotics within the prison. Specifically, Jackson claims that he was denied his due process and equal protection rights under the fourteenth amendment because the board failed to consider a trust office record that would have supported his claim of innocence. Jackson, however, previously filed an action against the same parties, based on the same set of facts, and raising claims identical to those in the present action. See Jackson v. Rowland, No. C-88-20145 (N.D.Cal. Aug. 29, 1988). In the prior action, the district court dismissed with prejudice Jackson's claims of due process violations. Because Jackson's present action involves the same parties and is based on the same cause of action as his prior action, he is barred from relitigating claims that were or could have been litigated in the prior action. See Robi, 838 F.2d at 322. Thus, the district court did not err by dismissing the present action under the doctrine of res judicata.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3